## Case No. 10,289.

### In re NOLAN.

[8 Ben. 559.] [1]

District Court, E. D. New York. Nov., 1876.

INJUNCTION—RECEIVER—SUPPLEMENTAL PROCEEDINGS—JUDGE'S MEMORANDUM.

Where supplemental proceedings had been commenced in a state court prior to the filing of a petition in bankruptcy by the judgment debtor N., and a memorandum had been made by the judge, before whom the proceedings were pending, of the appointment of a receiver, but no formal appointment had been made and no order filed and recorded, as required by the 298th section of the Code of Procedure: *Held*, that, as such express provisions of the Code had not been complied with, the proceedings in the state court had not divested the bankrupt of his property to vest it in the receiver, and further proceedings in the state court, after the adjudication of bankruptcy, looking to such a vesting of his property, could not be permitted.

[In the matter of James Nolan, a bankrupt.]

E. G. Davis, for bankrupt.

BENEDICT, District Judge. This is an application on behalf of a judgment creditor of the bankrupt for the modification of an injunction issued from this court to restrain the continuing of proceedings in the state court, so as to permit the continuing of proceedings supplemental, commenced in the state court prior to the filing of the petition in bankruptcy.

The application is based upon the ground that in the supplemental proceedings referred to, a receiver had been appointed by the state court who had become vested with the property and effects of the judgment debtor, prior to the filing of the petition in bankruptcy. The facts as I understand them fail to furnish ground for this application. While it appears that proceedings supplemental were commenced in the state court, and prior to the filing of the petition in bankruptcy, the memorandum was made thereon: "Edward Daily appointed receiver, bond in penalty of $500.00," by the judge before whom the proceedings were pending, no formal appointment of the receiver was made, nor any order whatever filed and recorded as required by section 298 of the Code, prior to the commencement of the bankruptcy proceedings.

The same section of the Code declares that "the receiver shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order as aforesaid." No such order having been filed and recorded, the receiver had not become vested with the debtor's property; and consequently it is the duty of this court, where the proceeding is for the benefit of all the creditors, to restrain the further prosecution of the supplemental proceedings instituted in the state court. Without, then, considering the question of the right of a re-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ceiver appointed by a state court to recover by suit, property of a bankrupt, after an adjudication of bankruptcy, as to which see In re Whipple [Case No. 17,512], I must continue the present injunction, upon the ground that, in this instance, according to the express provision of the Code, the bankrupt had not been divested of his property or effects by the proceedings in the state court prior to the adjudication in bankruptcy, and that further proceedings in the state court subsequent to an adjudication, looking to the vesting a receiver of that court with such property, cannot therefore be permitted. The motion to modify the injunction is therefore denied.